HOPE ANNE CASE (Bar No. 157089)
hope.case@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

FRANCESCA CICERO (Bar No. 246998)
francesca.cicero@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

Attorneys for Defendant
IKON OFFICE SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHARON BROWN, RON SERRADELL, MILLIE BURKE,<br><br>Plaintiffs,<br><br>v.<br><br>IKON OFFICE SOLUTIONS, INC., DOES 1-10 INCLUSIVE,<br><br>Defendants. | CASE NO. CV-09-3434 JSW<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(B)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Date: September 11, 2009<br>Time: 9:00 a.m.<br>Courtroom: 11<br>Judge: Hon. Jeffrey S. White |

**TO PLAINTIFFS SHARON BROWN, RON SERRADELL, AND MILLIE BURKE AND THEIR ATTORNEYS OF RECORD, CAMERON M. CUNNINGHAM AND NEWMAN STRAWBRIDGE:**

**PLEASE TAKE NOTICE** that on September 11, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 11 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant IKON OFFICE SOLUTIONS, INC. ("IKON") will and hereby does move this Court

-1-

DLA PIPER LLP (US)
SAN FRANCISCO

326834-000011
WEST\21762186.1

DEFENDANT'S NOTICE OF MOTION & MOTION TO DISMISS: MEMORANDUM
OF POINTS AND AUTHORITIES (CASE NO. CV-09-3434 JSW)

for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing Causes of Action Four, Five, Six and Seven for failing to state grounds upon which relief can be granted and entering judgment in favor of IKON and against Plaintiffs Millie Burke and Ron Serradell. Specifically, Defendant's Motion to Dismiss is made on the following grounds: (1) The Fourth, Fifth, Sixth and Seventh causes of action fail to state a claim upon which relief can be granted because Plaintiffs Ron Serradell and Millie Burke did not work for IKON and thus, the facts alleged by Plaintiffs cannot sustain the Fourth through Seventh Causes of Action against IKON as a matter of law.

Defendant's Motion is based upon this Notice of Motion, the supporting Memorandum of Points and Authorities, and all pleadings and papers on file with the Court in this action, and upon such oral and written evidence as may be presented at or before the hearing of this Motion.

Dated:  August 3, 2009

DLA PIPER LLP (US)

By      /s Francesca Cicero
   FRANCESCA CICERO
   HOPE ANNE CASE
   Attorneys for Defendant
   IKON OFFICE SOLUTIONS, INC.

DLA PIPER LLP (US)
SAN FRANCISCO

-2-
326834-000011
WEST\21762186.1
DEFENDANT'S NOTICE OF MOTION & MOTION TO DISMISS: MEMORANDUM OF POINTS AND AUTHORITIES (CASE NO. CV-09-3434 JSW)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Sharon Brown ("Brown"), Ron Serradell ("Serradell") and Millie Burke ("Burke") (collectively, "Plaintiffs") allege that they were sexually harassed by Sonya Morell ("Morell"), an employee of IKON at the time, and have sued under the laws prohibiting an employer from harassing its workers. However, Brown is the only one of the three Plaintiffs who was employed by IKON. Burke and Serradell are not, nor ever were, employees or contractors of IKON. Burke and Serradell admit that they worked for a company called Excell. Plaintiffs Burke and Serradell allege that they experienced a hostile work environment at Excell due to Morell's actions, and the Complaint seeks to hold Morell's then employer IKON liable to these individuals with whom it had no relationship. However, Plaintiffs are suing under the Fair Employment and Housing Act, which regulates the *employer-employee* relationship. As such, Plaintiffs Burke and Serradell cannot bring a claim under this statute against an entity for which they did not work. Moreover, to the extent that their claims for negligent supervision and retention are predicated on these same alleged acts, their claims are also barred because IKON did not owe a duty to protect Plaintiffs Burke and Serradell from sexual harassment.

Accordingly, as discussed in further detail below, the Court should grant the instant Motion to Dismiss the Fourth, Fifth, Sixth, and Seventh Causes of Action without leave to amend.

## II. FACTUAL BACKGROUND[1]

Plaintiffs Brown, Serradell and Burke allege that they were harassed by Sonya Morell, an employee of IKON. Complaint ¶ 11. Brown is the only plaintiff who was an employee of IKON. Complaint ¶ 7. Plaintiffs allege that Burke and Serradell were employees of Excell, which provides shipping and receiving services to Agilent. Complaint ¶ 9. Plaintiffs allege that Morell and Brown would provide print and mail services to Excell several days a week, where they

---

[1] A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint. For purposes of such a motion, the complaint is construed in the light most favorable to the plaintiff and all *properly pleaded* factual allegations are taken as true. *Ford v. Wells Fargo Home Mortg.*, 2008 U.S. Dist. LEXIS 98963 (N.D. Cal. Dec. 1, 2008). As such, IKON assumes the factual allegations in the complaint to be true only for purposes of this motion.

would encounter Burke and Serradell. Complaint ¶¶ 7, 10, 11. Plaintiffs allege that during these contacts at Excell, Morell would sexually harass Brown, Serradell, and Burke. Complaint ¶ 11. Plaintiffs allege that they repeatedly complained of Morell's harassment to Morell's supervisors. Complaint ¶12, 13, 16. Plaintiffs further allege that the site manager failed to investigate and remedy the situation. Complaint ¶ 17.

Based on these allegations, Plaintiffs each assert causes of action for sexual harassment and failure to prevent sexual harassment, and negligent supervision and retention of managers and employees against IKON.

### III. LEGAL ARGUMENT

**A. Plaintiffs Burke and Serradell's Causes of Action for Sexual Harassment and Failure to Prevent Sexual Harassment Must be Dismissed Because They Were Not Employees or Contractors of IKON.**

Plaintiffs Burke and Serradell cannot maintain causes of action for Sexual Harassment and Failure to Prevent Sexual Harassment under California Government Code §§ 12940(j) and (k) against IKON because they did not work for IKON. *See* Complaint ¶¶ 9, Causes of Action 4 and 6. Plaintiffs Burke and Serradell allege that they worked for Excell, not IKON, and that the alleged harassment occurred at Excell. Complaint ¶¶ 9, 10.

The Fair Employment and Housing Act ("FEHA"), under which Plaintiffs sue, provides "It shall be an unlawful employment practice . . . [f]or an employer . . . or any other person, because of . . . sex, age, or sexual orientation, to harass an employee . . . or a person providing services pursuant to a contract." Cal. Gov't Code § 12940(j)(1). The statute specifically prohibits harassment by an employer of *an employee or person providing services pursuant to a contract*.

Plaintiffs Burke and Serradell have not, and cannot, allege that they were employees of IKON, or that they were engaged by IKON to provide services pursuant to a contract.[2] To the

---

[2] California Government Code § 12940(j)(5) provides that "a person providing services pursuant to a contract" means a person who meets all of the following criteria:
(A) The person has the right to control the performance of the contract for services and discretion as to the manner of performance.
(B) The person is customarily engaged in an independently established business.
(C) The person has control over the time and place the work is performed, supplies the tools and instruments used in the work, and performs work that requires a particular skill not ordinarily used in the course of the employer's work.

contrary, they admit that they worked for Excell. The FEHA regulates conduct between employers and their workers. Therefore, the FEHA regulates Burke and Serradell's relationship with Excell (and Plaintiff Brown's relationship with IKON), but does not provide recourse to Burke and Serradell to sue someone who was not their employer. Thus, Plaintiffs Burke and Serradell's causes of action against IKON for sexual harassment must be dismissed.

As expected due to the plain language of the statute, no case law recognizes a cause of action for sexual harassment under the FEHA for workplace harassment brought by someone who was not an employee or contract worker of the entity sought to be held liable. In fact, the model plain language jury instructions identify the first element of a cause of action for hostile work environment sexual harassment to be that "the plaintiff was an employee of the employer." Judicial Council of California Civil Jury Instructions, CACI 2521A (2009). Plaintiffs Burke and Serradell have alleged in their Complaint they were employees of Excell, not IKON. Therefore, as a matter of law, IKON has no duty under FEHA to Plaintiff's Burke and Serradell. Consequently, Plaintiffs' Fourth and Sixth Causes of Action should be dismissed without leave to amend.

Plaintiffs' Fourth and Sixth Causes of Action also seek to hold IKON liable for failure to prevent harassment under the FEHA, and also fail, as a matter of law. In order to establish a claim for failure to prevent harassment or discrimination, a plaintiff must demonstrate that:

1. the plaintiff was an employee of the employer;
2. the plaintiff was subjected to harassment/discrimination because of his or her gender and/or sexual orientation;
3. the employer failed to take reasonable steps to prevent the harassment;
4. the plaintiff was harmed; and
5. the employer's failure to take reasonable steps to prevent harassment/discrimination was a substantial factor in causing the plaintiff's harm.

CACI 2527 (2009); Cal. Gov't Code § 12940(k). In order to support a failure to prevent harassment cause of action under the FEHA, the plaintiff must demonstrate underlying acts of harassment. *Trujillo v. North County Transit Dist.*, 63 Cal. App. 4th 280, 288-89 (1998).

Plaintiffs Burke and Serradell cannot sustain a claim for failure to prevent sexual harassment because they did not work for IKON and therefore cannot satisfy the first prong of a failure to prevent sexual harassment claim. Moreover, because their sexual harassment claims are unsustainable, they cannot demonstrate actual harassment, which is a necessary predicate to a claim for failure to prevent sexual harassment. "[C]ourts have required a finding of actual discrimination or harassment under [the California Fair Employment and Housing Act] before a plaintiff may prevail under section 12940, subdivision (k)." *Carter v. California Dept. of Veterans Affairs*, 38 Cal. 4th 914, 925 n.4 (2006) (citing *Trujillo v. North County Transit Dist.*, 63 Cal. App. 4th 280, 283-284 (1998)).

As explained by the Court of Appeal in *Trujillo*, 63 Cal. App. 4th at 285:

> Our objective is to discover whether the verdict for compensatory and punitive damages, based on a violation of section 12940[k] (failure to take all reasonable steps necessary to prevent discrimination and harassment from occurring), can stand despite the jury's accompanying findings that these defendants did not discriminate, racially harass, or retaliate against the plaintiffs…."

*Id*. The Court concluded that a defendant can only be liable for violation of Section 12940(k) if the plaintiff establishes actual discrimination or harassment. *Id.* Because Plaintiffs Burke and Serradell's claims against IKON for sexual harassment under the FEHA fail as a matter of law, their claims for failure to prevent sexual harassment under the FEHA must fail as well.

### B. Plaintiffs Burke and Serradell's Causes of Action for Negligent Supervision and Retention Must be Dismissed Because They Were Not Employees of IKON.

For the same reasoning as above, Plaintiffs Burke and Serradell's Fifth and Seventh Causes of Action must fail. Plaintiffs Burke and Serradell's claims for negligent supervision and/or retention of managers and/or employees are predicated on the same conduct as alleged in the Fourth and Sixth Causes of Action, namely the alleged sexual harassment by Morell. They cite the FEHA as the basis for IKON's duty to them. As explained above, Burke and Serradell were not employed by IKON, and therefore IKON owed them no duty under the FEHA. It is settled that an employee who has been sexually harassed by a co-worker, may sue the employer for negligence in the supervision of the other employee. *Greenfield v. America West Airlines,*

-4-

*Inc.*, No. C 03-05183 MHP, 2004 U.S. Dist. LEXIS 23163, at *18 (N.D. Cal. Nov. 16, 2004). The Court in *Greenfield* held:

> However, in order to establish a cause of action for negligent supervision, a plaintiff must allege: (1) the existence of a legal duty of employer to employee to use due care; (2) how the defendant-employer breached that duty; (3) how any breach proximately caused plaintiff's damages; and (4) damages. *Love v. Motion Indus.,* 309 F. Supp. 2d 1128, 1138 (N.D. Cal. 2004); *see also,* 29 Am. Jur. Trials 267, § 32 (a complaint for damages based on the theory of negligent hiring and retention should allege the existence of the employment relationship at the time of the injury, the incompetence of the employee, that such incompetence was known or should have been known to the employer, and that the negligence of the employer caused harm to the plaintiff).

*Greenfield,* 2004 U.S. LEXIS 23163 at *18. Again, the lack of an employment relationship dooms Burke and Serradell's claims.

Plaintiffs also assert that IKON owed Plaintiffs Burke and Serradell a legal duty under California Civil Code section 1714. Complaint ¶¶ 37, 44. Section 1714(a) provides "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person." However, this section does not create a duty of care running from IKON to Plaintiffs. Section 1714 is merely California's statutory version of the basic negligence standard of due care. *See Franklin v. S. Cal. Permanente Med. Group*, No. CV-05-0330 GAF, 2006 U.S. Dist. LEXIS 97277, at *8 n.1 (C.D. Cal. Oct. 30, 2006). Accordingly, it is of no more avail to Plaintiffs Burke and Serradell than the FEHA in establishing a legal duty running from IKON to Plaintiffs.

Negligence is actionable only when there is a legal duty to use due care, a breach of that duty and the breach is the proximate cause of the resulting injury. *Punla v. Terminal Maint. Co.*, No. C 06-00014 WHA, 2006 U.S. Dist. LEXIS 15755, at *17 (N.D. Cal. Mar. 16, 2006) (citing *U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal.3d 586, 594 (1970)). Plaintiffs have alleged no <u>facts</u> that would create a legal duty of IKON towards Plaintiffs Burke and Serradell under this section. In ruling on a motion to dismiss, conclusory legal allegations cast in the form of factual allegations are insufficient to defeat a motion to dismiss. *Western Mining Council v. Watt*, 643

F.2d 618, 623 (9th Cir. 1981). The pleading standard of Federal Rule of Civil Procedure Rule 8 demands more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (2009) (citations omitted). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. Plaintiffs Burke and Serradell had no employment relationship with IKON and have not alleged any facts that would otherwise create a legal duty owed to them by IKON. Therefore, their claims for negligent supervision and retention should also be dismissed by this Court as a matter of law.

## IV. CONCLUSION

Based on the foregoing, IKON respectfully requests that the Court grant its Motion to Dismiss the Fourth, Fifth, Sixth and Seventh Causes of Action without leave to amend. As discussed above, Plaintiffs Burke and Serradell's claims for sexual harassment and failure to prevent sexual harassment and negligent supervision and retention of managers and employees fail as a matter of law because there is no cognizable employment relationship or other legal duty between Plaintiffs Burke and Serradell and IKON. No amendment of the Complaint can remedy these defects and the claims should therefore be dismissed without leave to amend and judgment should be entered in favor of IKON and against Plaintiffs Burke and Serradell.

Dated: August 3, 2009

DLA PIPER LLP (US)

By        /s Francesca Cicero
FRANCESCA CICERO
HOPE ANNE CASE
Attorneys for Defendant
IKON OFFICE SOLUTIONS, INC.