IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON BROWN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>IKON OFFICE SOLUTIONS, INC., and DOES 1-10 INCLUSIVE,<br><br>    Defendants.<br>_____/ | No. C 09-03434 JSW<br><br>**ORDER GRANTING DEFENDANT IKON'S MOTION TO DISMISS AND MOTION TO STRIKE** |

Now before the Court is the motion to dismiss and the motion to strike filed by Ikon Office Solutions, Inc. ("Ikon"). These matters are now fully briefed and ripe for decision. The Court finds that these matters are appropriate for disposition without oral argument and these matters are deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for November 6, 2009 is VACATED. Having carefully reviewed the parties' papers and the relevant legal authority, the Court hereby grants Ikon's motions.

On June 11, 2009, Plaintiffs Sharon Brown ("Brown"), Ron Serradell ("Serradell") and Millie Burke ("Burke") (collectively, "Plaintiffs") filed claims against Ikon in the Superior Court of California in the County of Sonoma for sexual harassment and failure to prevent sexual harassment under the California Fair Housing and Employment Act ("FEHA") and negligent supervision and/or retention of managers and/or employees. On July 27, 2009, Ikon removed this matter to this Court on the grounds of diversity jurisdiction. On August 3, 2009, Ikon filed a motion to dismiss the claims asserted by Serradell and Burke on the grounds that Ikon was never their employer and, therefore, cannot be held liable under FEHA and did not owe a duty

to them under FEHA.  Plaintiffs do not oppose the dismissal of these claims, their fourth through seventh causes of action.  Therefore, the Court GRANTS Ikon's motion to dismiss.

In response to Ikon's motion to dismiss, Plaintiffs filed an amended complaint.  In their amended complaint, Plaintiffs delete the claims by Serradell and Burke against Ikon and insert claims against Sonya Morell ("Morell"), the employee of Ikon who engaged in the alleged harassment.  According to Plaintiffs, Morell is a California resident and, thus, her addition would destroy diversity and warrant remand.  Although, ordinarily, plaintiffs may amend their pleadings once as a matter of course at any time before a responsive pleading is filed, leave of court is required to file an amended pleading that would destroy diversity jurisdiction.  *See Lyster v. First Nationwide Bank Fin. Corp.*, 829 F.Supp. 1163, 1164-65 (N.D.Cal.1993); *Peralta Community College Dist. v. United Nat. Ins. Co.*, 2004 WL 2254621, *1 (N.D. Cal. Oct. 5, 2004) (disregarding amended complaint filed without leave and informing plaintiff that if it wishes to file an amended complaint, it may request leave to do so by motion).  Plaintiffs did not seek leave of Court to file their amended complaint.  Again, Plaintiffs do not contest the legal grounds of Ikon's motion.  (Opp. to Motion to Strike at 3 ("Clearly Plaintiffs failed to comply.").)  Therefore, the Court GRANTS Ikon's motion.

If Plaintiffs wish to amend their complaint, they may file a motion to do so pursuant to 28 U.S.C. § 1447(e).  However, the Court notes that Plaintiffs may want to clarify their position on why they delayed in moving for leave to amend.  Plaintiffs argue that they did not initially name Morell because of "possible exhaustion issues."  However, Plaintiffs are not seeking to bring claims by Serradell and Burke which require exhaustion.  With respect to the proposed new claims by Brown, it is not clear what the exhaustion issues were, and whether or not they have been resolved since.  Nor is it clear whether and when Brown has exhausted her administrative remedies as to Morell.

Moreover, if Plaintiffs are required to file a separate action in state court as opposed to filing amending their complaint in this Court, Plaintiffs do not state whether their claims against Morell would be time barred.

2

Finally, Plaintiffs have not provided a valid reason for failing to include their claims against Morell in the original complaint. Without such a valid reason, the Court would find that the primary reason for seeking to add Morell now is to destroy the Court's diversity jurisdiction.

**IT IS SO ORDERED.**

Dated: November 4, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE