CAMERON M. CUNNINGHAM, SB#75593
719 Orchard Street
Santa Rosa, CA 95404
Tel: (707)829-9194, Fax: (707) 829-7039

NEWMAN STRAWBRIDGE, SB#171360
719 Orchard Street, Santa Rosa, CA 95404,
Tel: (707) 523-3377

Attorneys for Plaintiffs SHARON BROWN, RON
SERRADELL, MILLIE BURKE

HOPE ANNE CASE (Bar No. 157089)
hope.case@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

FRANCESCA CICERO (Bar No. 246998)
francesca.cicero@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA  94105-2933
Tel:  415.836.2500
Fax:  415.836.2501

Attorneys for Defendant
IKON OFFICE SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHARON BROWN, RON SERRADELL, MILLIE BURKE, | CASE NO.  CV-09-3434 JSW |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |
| v. | **Judge:  Hon. Jeffrey S. White** |
| IKON OFFICE SOLUTIONS, INC., DOES 1-10 INCLUSIVE, | |
| Defendants. | |

-1-

Plaintiffs Sharon Brown, Ron Serradell, and Millie Burke (collectively "Plaintiffs") and Defendant IKON OFFICE SOLUTIONS, INC. ("Defendant"), by and through their respective counsel, agree as follows:

1.      This Stipulated Protective Order Regarding Confidentiality ("Protective Order"), shall govern the designation and handling of confidential documents and information produced in this action by any party or nonparty person or entity.  This information may include, without limitation, original writings, drawings, graphs, charts, photographs, recordings (by video or audio device), electronically-stored data, and any other compilation from which information can be obtained, translated, if necessary, by the party responding to any request for production through detection devices into reasonably usable form, and any copies thereof.

2.      "Confidential Information," as used herein, means information that a party or nonparty producing such information pursuant to discovery in the action in good faith believes embodies or may embody confidential or sensitive financial, trade secret, business, technical or proprietary information or private personal information.

3.      Designation of Confidential Information shall be made at or prior to the time of production (or, in the case of deposition transcripts, at the time of deposition or within 20 days of receiving the deposition transcript) by affixing to them a stamp or other notice bearing the word "Confidential" in a location that makes the designation readily apparent.  Any information or data that has not been reduced to documentary form may be designated as "Confidential" by informing counsel for the parties in writing.

4.      Confidential Information may be designated as such after it has been produced without having been so designated, and deposition testimony may be designated as Confidential Information after the testimony has been given without having been so designated, under the following conditions:

a.      Persons to whom such Confidential Information or testimony has been disclosed must be advised in writing of the new designation;

b.      The new designation applies only as of the date and time of receipt of notice by each person notified; and

c.     Persons to whom such Confidential Information has been disclosed must be provided with another copy of the documents, computer disks, or deposition testimony that bears the appropriate Confidential designation.

5.     All material designated as "Confidential" under this Order shall not be disclosed, directly or indirectly, by the recipient to any person other than:

a.     The Court and necessary Court personnel;

b.     The named parties in this action; and, in the case of an entity party, its current and former officers, directors, employees, constituents and partners and affiliated, related or successor entities of a party to the extent deemed reasonably necessary by counsel for the party;

c.     The attorneys and any support staff assisting such counsel for any party to this action, in-house attorneys for any named party to this action and regular employees of the in-house legal department of any named party in this action;

d.     Counsel representing any insurer or indemnitor of any party;

e.     Court reporters performing necessary duties in this action;

f.     Any mediator, arbitrator or neutral retained by the parties or appointed by the court;

g.     Any person who was the author, addressee or copied recipient of the document or information, if disclosure to such individual(s) is reasonably necessary to prosecute or defend this lawsuit;

h.     Any expert or consultant retained by any party in connection with this case; and

i.     Professional vendors providing litigation support services and their employees and subcontractors.

6.     All persons to whom Confidential Information is disclosed pursuant to paragraph 5(d), (e), (f), (g), (h) or (i) shall be specifically advised of the existence of this Order. In addition, all persons to whom Confidential Information is disclosed pursuant to paragraph 5(g) or (h) of this Order shall be required to sign the Confidentiality Acknowledgment in the form

-3-

1    attached hereto as Exhibit A.  Counsel for the party disclosing any Confidential Information shall

2    maintain the original acknowledgment and will produce it upon order of the Court for good cause

3    shown, or by agreement.

4            7.      Court Procedures.  The following provisions under this paragraph govern the

5    treatment of Confidential Information filed or lodged with the Court.

6                    a.      Without written permission from the party disclosing the Confidential

7    Information or a court order secured after appropriate notice to all interested persons, a party may

8    not file or otherwise disclose any Confidential Information in the public record in this action.  The

9    party that seeks to file under seal any Confidential Information must comply with Civil Local

10   Rule 79-5.

11                   b.      Materials provided to the Court shall be retained in the Court's file, and

12   shall be made available only to the Court and persons so authorized by the terms of this Protective

13   Order.  Any papers containing Confidential information shall be returned to the submitting party

14   upon dismissal or final judgment in the action.

15                   c.      Any party may request that any hearing or portion of trial which refers to

16   or describes Confidential Information, shall, in the Court's discretion, be *in camera* or closed to

17   the public.

18           8.      Confidential Information may be used or disclosed by the non-designating party or

19   persons to whom it is disclosed solely in and for the purposes of this litigation and only to the

20   extent reasonably necessary.  Confidential Information shall not be used or disclosed by such

21   party or persons for any business or other purpose, unless specifically agreed to in writing by all

22   parties to this action or as authorized by further order of the Court.  No person who is furnished

23   Confidential Information shall disclose it to any person not entitled under this Order to receive it.

24           9.      Unless and until otherwise ordered by the Court, or agreed to in writing by the

25   parties, all material designated "Confidential" shall be treated as confidential and shall not be

26   disclosed except under the terms of this Order:

27                   a.      In the event that any party objects to the designation of any document as

28   Confidential Information such party may, in writing, request that the producing party remove the

DLA PIPER LLP (US)

WEST\21871245.1
326834-000011                    STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1    "Confidential" designation.  Such written request shall specifically identify the document(s) or
2    information at issue;

3            b.      The producing party, by its counsel, shall respond in writing within five
4    business days of receipt of the written request, or within such other period of time as may be
5    designated by order of the Court or agreement of the parties.  If the producing party refuses to
6    remove the "Confidential" designation, its written response shall state the reasons for this refusal.
7    Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a
8    refusal of the request;

9            c.      If the producing party fails to respond to a request or refuses to remove the
10   "Confidential" designation, any party may file a motion for an order requiring that the producing
11   party remove the designation.  It shall be the burden of the producing party under such
12   circumstances to establish that the information so designated is "Confidential" within the
13   meaning of this Order; and

14           d.      In the event of such a motion, the material at issue may be submitted to the
15   Court for *in camera* inspection.

16       10.     Nothing in this Order shall prevent disclosure beyond the terms of this Order if the
17   designating person consents to such disclosure or if the Court allows such disclosure upon good
18   cause shown.

19       11.     If documents designated "Confidential" in this action are called for in a subpoena
20   or other process by someone who is not a party to this action, the party to whom the subpoena or
21   other process is directed shall immediately give written notice thereof to each person that has
22   designated the information "Confidential"  and shall not produce the documents until the earlier
23   of fourteen days after providing notice or the return date of the subpoena or other process, and in
24   no event shall the information be produced earlier than required by the subpoena.

25       12.     A producing party may disclose documents or information it has designated
26   "Confidential" and produced in this action to any person, with or without any conditions to such
27   disclosure as it deems appropriate.

28

DLA Piper LLP (US)    WEST\21871245.1
326834-000011
STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

13.     At the conclusion of this lawsuit, each document, deposition transcript, or other material previously designated as Confidential Information, and all copies thereof, which are in the possession, custody or control of the party and the party's counsel, shall be returned upon request to the person who made the designation.  Counsel for a party requesting the return of Confidential Information shall retain at least one copy of the Confidential Information in its possession for three years after the conclusion of the lawsuit.  Any material designated as "Confidential" or portions or excerpts thereof, which are not destroyed, shall remain subject to the terms of this Order.

14.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

15.     This Order shall survive the final determination of this action and shall remain in full force and effect after conclusion of all proceedings, for a period of five years, to provide the Court with ancillary jurisdiction to enforce its terms.

16.     This Order shall become immediately binding on the named parties in this action upon their execution, regardless of if and when the Court takes action on the Order.

///
///
///
///
///
///
///
///
///
///
///
///

DLA PIPER LLP (US)

WEST\21871245.1
326834-000011

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

17.    The Court retains jurisdiction to make such amendments, modifications and additions to this Order as it may from time to time deem appropriate or may consider upon motion of any party.

**IT IS SO STIPULATED**.

Dated:  March 9, 2010

Respectfully submitted,

LAW OFFICE OF CAMERON M. CUNNINGHAM

By /s/  Cameron M. Cunningham
    CAMERON M. CUNNINGHAM
    Attorneys for Plaintiffs Sharon Brown, Ron
    Serradell, and Millie Burke

Dated:  March 9, 2010

Respectfully submitted,

DLA PIPER LLP (US)

By /s/  Francesca Cicero
    HOPE ANNE CASE
    FRANCESCA CICERO
    Attorneys for Defendant IKON Office
    Solutions, Inc.

**IT IS SO ORDERED.**

Dated: ___March 10, 2010_____

By: _____
    Hon. Jeffrey S. White

**EXHIBIT A**

I, _____, hereby acknowledge that:  (i) I have read the foregoing Order, dated _____, 2010 (the "Order"), which I am informed has been executed by the attorneys for the parties in the action presently pending in the Northern District of California, entitled *Sharon Brown, Ron Serradell, and Millie Burke v. IKON Office Solutions, Inc.,* Case No. CV-09-3434 JSW; (ii) I understand the terms of the Order; (iii) I agree, upon the potential penalty of contempt and other civil remedies, to be bound by such terms; (iv) I understand that all Confidential Information and copies thereof, including notes or documents containing Confidential Information that may be provided to me, shall be maintained in a secure manner and shall be returned no later than 30 days after the termination of this action to the counsel for the party or other person who provided such Confidential Information; and (v) I submit my person to the jurisdiction of the Northern District of California, San Francisco Division, for the limited purpose of securing compliance with the terms and conditions of the Order.

_____
(signature)

Name:                         _____

Business Address:       _____

                                    _____

Home Address:           _____

                                    _____